UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 4:20-cv-185 |
| § | |
| $1,043,347.48 SEIZED FROM WELLS § | |
| FARGO BANK ACCOUNT 6683, § | |
| § | |
| $1,000,006.89 SEIZED FROM WELLS § | |
| FARGO BANK ACCOUNT 2693, § | |
| Defendants. § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

The United States of America, Plaintiff, files this action for forfeiture *in rem* against $1,043,347.48 and $1,000,006.89 in U.S. Currency seized from two bank accounts and alleges upon information and belief the following:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b), 1391(b)(2), and 1395. Acts and omissions giving rise to the forfeiture occurred in the Southern District of Texas, and the victim company is located in Houston, Texas.

## DEFENDANT PROPERTIES SUBJECT TO FORFEITURE

3. The first Defendant Property is $1,043,347.48 seized from a Wells Fargo Bank account with an account number ending in 6683, and held in the names of Karmen Verhey.

4. The second Defendant Property is $1,000,006.89 seized from a Wells Fargo Bank account with an account number ending in 2693, and held in the name of Karmen Verhey.

5. The United States alleges that the two sums described above (collectively, the "Defendant Properties") constitute or are derived from proceeds traceable to wire fraud.

## STATUTORY BASIS AND NATURE OF ACTION

6. This civil action *in rem* is brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense. Title 18 U.S.C. § 1343 (wire fraud) is "specified unlawful activity" pursuant to 18 U.S.C. §1956(c)(7).

7. With regard to the civil forfeiture of fungible property, Title 18, United States Code, Section 984 provides that funds deposited into the same financial account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the forfeiture action is commenced within one year from the date of the offense.

## FACTS

8.     In one variety of a business email compromise fraud, the perpetrator of the fraud spoofs the official business email address of a legitimate partner company that the victim company does business with and needs to pay. The perpetrator then uses the spoofed email to convince an employee of the victim company that the partner company's bank account information has changed. The victim company employee believes he is wiring payment to a legitimate bank account of the partner company.

9.     In this case, the Victim Company is located in Houston, Texas, which is within the Southern District of Texas. On or about October 4, 2019, the Victim Company received a fraudulent email with wire transfer instructions that appeared to be from the partner company, but was not. The wire transfer instructions requested payments be sent to Wells Fargo Bank account ending in 6683 (the "First Account"). The Victim Company complied.

10.    Around October 8, 2019, October 10, 2019 and October 15, 2019, the Victim Company intended to pay the partner company three payments of $3,240,636, $1,696,919, and $444,699, but due to the fraudulent email, the ACH payments were sent to the First Account rather than to the partner company's actual bank account.

11.    The First Account was opened by Karmen Verhey in Pella, Iowa, in or about 2008. Prior to the October 2019 deposits totaling $5,382,254 in fraud proceeds, the balance of the First Account was just $104.84. After the deposits, various transfers and withdrawals

occurred. The remaining First Account balance of $1,043,347.48 was seized by warrant on or about October 30, 2019.

12. On or about June 10, 2005, Karmen Verhey opened a Wells Fargo Bank account ending in 2693 (the "Second Account"). Prior to October 10, 2019, the balance was just $0.98. On October 10, 2019, $2,102,470.79 was transferred from the First Account to the Second Account. At the time funds were seized by warrant on or about October 30, 2019, the Second Account had a total balance on deposit of $1,000,006.89.

## CONCLUSION

13. Under the totality of the circumstances, there is reason to believe that the Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity, including wire fraud, whether directly or through application of Section 984.

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in any of the Defendant Properties subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, either electronically or at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy must be served upon the undersigned Assistant United States Attorney at the United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## **RELIEF REQUESTED**

The United States will serve notice, along with a copy of the Complaint, on any person who reasonably appears to be a potential claimant in this matter. The United States seeks a final judgment forfeiting the Defendant Properties to the United States and any other relief to which it may be entitled.

        Respectfully submitted,

        RYAN K. PATRICK
        United States Attorney

        */s/ Karen M. Lansden*
        Karen M. Lansden
        Assistant United States Attorney
        Federal Bar Number 3295530
        Louisiana Bar Number 34632
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        Phone: (713) 567-9413
        Fax: (713) 718-3405

## Verification

I, Ben Hyman, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 - 4 and 8 - 12 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the __17th__ day of January 2020.

Ben Hyman, Special Agent
Federal Bureau of Investigation